315 P.2d 856

**Polly J. LUND, Plaintiff and Appellant,**
**v.**
**Orin L. LUND, Defendant and Respondent.**
**No. 8707.**

Supreme Court of Utah.
Sept. 28, 1957.

Warwick C. Lamoreaux, Salt Lake City, for appellant.

Sumner J. Hatch, Ray S. McCarty, Salt Lake City, for respondent.

WORTHEN, Justice.

Plaintiff and defendant were married in March 1942. They have one child born in 1946. On September 10, 1953, plaintiff filed a suit for divorce setting out the facts as to the marriage and their property. The matter was heard and on February 10, 1954,

an interlocutory decree of divorce was entered in favor of plaintiff. The decree contained the following:

"5. Defendant shall pay to plaintiff the sum of $100.00 per month as alimony, and the further sum of $75.00 per month to plaintiff as support money for the benefit of the minor son, James. * * * *such payments to be made regardless of any motions for new trial or appellate procedures that might be instituted by defendant."* (Emphasis added.)

Defendant was likewise ordered to pay certain outstanding family obligations in the total amount of $697.93 and $200 attorney's fee for plaintiff's attorney.

On February 15, 1954, defendant filed a motion to amend findings, conclusions and decree or for a new trial, and thereafter a motion to vacate the interlocutory decree. These motions were not heard until January, 1957 (nearly three years later).

In May, 1954, the parties resumed the marital relations bestowing on each other all the privileges and benefits of that relationship. This reconciliation lasted until September, 1955, when the parties again separated.

The motion for new trial and the motion to amend findings and decree as well as motions to enforce payment of alimony and support money and to vacate the interlocutory decree were set for hearing on December 22, 1956. On January 15, 1957, the court entered its order denying the motion for new trial and to amend the findings and decree, and reserved the matters of vacating the interlocutory decree, and the various orders to show cause to be heard before another judge.

The supplemental order to show cause, together with defendant's motion to vacate the interlocutory decree were heard and the trial court entered findings, conclusions and an order vacating the interlocutory decree of February 10, 1954. The order set aside and vacated the interlocutory decree for the reasons that the parties had become reconciled and any misconduct giving ground for the said interlocutory decree had been condoned and forgiven and the reconciliation was without any condition and the subsequent misconduct complained of did not revive the interlocutory decree.

Plaintiff appealed and set up five assignments of error which may be grouped under the following headings:

(1) The court erred in failing to find that the reconciliation was on condition which condition defendant breached thereby reviving the interlocutory decree.

(2) The court erred in failing to enter judgment for alimony, support money and the $697.93 ordered paid on family obligations as provided in the interlocutory decree and in failing to award attorney's fee to plaintiff.

The question of the sufficiency of the evidence to warrant entry of the interlocutory decree is not before us.

We are of the opinion that the judgment appealed from must stand. There was no written agreement containing any condition upon which the reconciliation and condonation were to be voided. The parties hoped that the marriage could be preserved for the sake of the minor child. It is established that the relationship of the parties during at least 12 months of the reconciliation period was not different from the relationship before any difficulties arose. Not only is there substantial evidence to support the judgment of the trial court, but there is an absence of any substantial evidence to warrant any other conclusion than that arrived at by the court.

In any new action plaintiff will not be barred from setting up the facts which induced the court to grant the interlocutory decree. What we do hold is that the trial court was right in holding that the original grounds which led to the entry of the interlocutory decree were not now available in the action because they had been condoned and forgiven. It would be a hard rule to hold that where the parties resume the marital relationship after entry of the interlocutory decree, that regardless of how happy the parties may have been for six months, one, two or three years, that one party could hold the interlocuory decree over the head of the other and demand that the line be toed. With the realization that after the parties have become reconciled and have resumed the marital relationship, except in flagrant cases where fraud is present and good faith absent, the cause of action was dead and was no longer available to obtain a quick final decision, it is very probable that the parties might well be induced to try the harder to make a success of the marriage in order not to be required to start from scratch.

Plaintiff urges that notwithstanding the order vacating and voiding the interlocutory decree she is entitled to recover the alimony and support money which accrued subsequent to the entry of that decree and to recover the amount of the family obligations not met by defendant and the $200 attorney's fee. It is urged that under the language of the interlocutory decree providing " * * * such payments to be made regardless of any motion for new trial or appellate procedures that might be instituted by defendant," that plaintiff was granted rights which vested and cannot be voided by the order vacating the interlocutory decree.

Counsel's brief contains the following language:

"If respondent wanted to stay the accrual of these obligations, during the time his motion for new trial was being considered, he should have filed a supersedeas bond under the rules

applicable, but he did not. The order to pay may be regarded as temporary alimony. * * * Respondent has done nothing to stay the accrual of appellant's rights, and they have vested."

But the function of a supersedeas bond is not to stay the accrual of obligations but to stay the execution or enforcement thereof.

Plaintiff might have brought an order to show cause why defendant should not be required to meet the alimony and support money installments which accrued prior to the reconciliation and the family bills and attorney's fee. In fact, if those were vested rights, plaintiff might have cited defendant to show cause during the period of 16 months while the parties lived together under the reconciliation. Had plaintiff enforced payment of such alimony and support installments, attorney's fee and family debts, the situation would be different. Or had plaintiff asked the court to enter an independent judgment for the amount of alimony and support money due and obtained such a judgment, there would be merit to plaintiff's contention that plaintiff had a vested right in such a judgment because it would not depend upon the enforcement of the interlocutory decree.

But since the right to alimony, support money, and the other payments must rest on the interlocutory decree for their enforceability, they were voided with the decree and are not severable therefrom. The provision of said decree that the payments for alimony and support money should be made regardless of any notice for a new trial or appellate procedures that might be instituted by defendant must necessarily cease to have validity as a result of the vacating and voiding of the interlocutory decree.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

HENRIOD, J., concurs in the result.